IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOYDE BELL, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| GEOVERA SPECIALTY INSURANCE | § | |
| COMPANY, TEAM ONE ADJUSTING | § | |
| SERVICES, LLC, GAIL LOCKWOOD | § | |
| AND RAMIRO CAZAS, | § | |
| | § | |
| **Defendants.** | | |

## DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant GeoVera Specialty Insurance Company ("GeoVera" or "Defendant") files this Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

### I. FACTUAL AND PROCEDURAL BACKGROUND

1. On September 20, 2019, Plaintiff Loyde Bell filed his Original Petition, styled *Loyde Bell v. GeoVera Specialty Insurance Company, Team One Adjusting Services LLC, Gail Lockwood and Ramiro Cazas*, Cause No. 2019-68596, in the 133rd Judicial District Court, Harris County, Texas. The lawsuit arises out of a claim Plaintiff made for damages to his property under an insurance policy issued by GeoVera.

**EXHIBIT 2**

2.      Plaintiff served GeoVera with a copy of the Plaintiff's Original on September 27, 2019.

3.      Defendant Ramiro Cazas was served on October 2, 2019.

4.      Defendant Gail Lockwood was served on October 8, 2019.

5.      GeoVera's Answer was filed on October 28, 2019.

6.      Ramiro Cazas' Answer was filed on October 28, 2019.

7.      GeoVera files this notice of removal within 30 days of receiving Plaintiff's Citation and Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *Id.* All process, pleadings, and orders in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a). A copy of this Notice is also concurrently being filed with the state court and served upon Plaintiff.

8.      As required by 28 U.S.C. § 1446(a), and Rule 81 of the Local Rules for the United States District Court of the Southern District of Texas, being filed simultaneously with the filing of this Notice of Removal:

> **Exhibit A:**      **Index of Matters Being Filed**
>
> **Exhibit B:**      **Docket Sheet**
>
> **Exhibit C:**      **Plaintiff's Original Petition**
>
> **Exhibit D:**      **Civil Process Pickup Form**
>
> **Exhibit E:**      **Citation served on GeoVera Specialty Insurance Company**
>
> **Exhibit F:**      **Citation served on Gail Lockwood**
>
> **Exhibit G:**      **Citation served on Ramiro Cazas**

**DEFENDANT'S NOTICE OF REMOVAL** – Page 2
7437957v1
08917.443

**EXHIBIT 2**

Exhibit H:   Defendant GeoVera Specialty Insurance Company's and Ramiro Cazas' Original Answer to Plaintiff's Original Petition

Exhibit I:   List of Parties and Counsel

## II.   BASIS FOR REMOVAL

9    Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.    Plaintiff and Defendant GeoVera are diverse.**

10.    **Plaintiff Loyde Bell** is an individual residing in Harris County, Texas;

11.    **Defendant, GeoVera Specialty Insurance Company** is incorporated under the laws of the State of California, with its principal place of business in Fairfield, California. GeoVera is therefore not a citizen of the State of Texas for diversity purposes.

12.    Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and GeoVera.

13.    **Defendant Team One Adjusting Services, LLC** is and was at the time the lawsuit was filed, a company with its principal place of business in Texas Concerning the claims against Team One, however, it is GeoVera's position that Plaintiff improperly and/or fraudulently joined Team One. Because of this improper joinder, the Court must disregard Team One's Texas citizenship to evaluate diversity in this matter. Moreover, at the time of this filing, Team One has not been served.

14.    **Defendant Ramiro Cazas** is and was at the time the lawsuit was filed a citizen and resident of California.

<u>**DEFENDANT'S NOTICE OF REMOVAL**</u> **– Page 3**
7437957v1
08917.443

**EXHIBIT 2**

15.      **Defendant Gail Lockwood** is and was at the time the lawsuit was filed a citizen and resident of Florida.

16.      Pursuant to all applicable provisions of Texas Insurance Code Section 542A, GeoVera accepts the liability of Team One, Lockwood and Cazas and pursuant to this election, GeoVera immediately seeks their dismissal with prejudice as parties to this matter.   This election further supports the complete diversity of the Plaintiff and GeoVera, the insurance carrier.

**B.     The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.**

14.      This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff's Original Petition expressly alleges that "Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000."  (Pl's Orig. Pet. ¶7).  Thus, the express allegations in the Petition exceed the amount in controversy threshold of $75,000.00.

### III.     THIS REMOVAL IS PROCEDURALLY CORRECT

15.      GeoVera received service of this lawsuit on September 27, 2019.  Thus, GeoVera is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

16.      Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division embrace the county in which the state action has been pending, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

17.      Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

**EXHIBIT 2**

18.     Promptly after GeoVera files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

19.     Promptly after GeoVera files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Harris County District Court pursuant to 28 U.S.C. §1446(d).

CONCLUSION

20.     Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant GeoVera hereby removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Rhonda J. Thompson*
Rhonda J. Thompson
State Bar No. 24029862
So. Dist. No.: 17055

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  rthompson@thompsoncoe.com

**COUNSEL FOR DEFENDANT
GEOVERA SPECIALTY INSURANCE
SERVICES**

**EXHIBIT 2**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 28th day of October, 2019, a true and correct copy of the foregoing was delivered to the following counsel of record in accordance with the Federal Rules of Civil Procedure:

      Michael A. Downey
      Mostyn Law
      3810 West Alabama Street
      Houston, TX 77027
      Facsimile: (713) 714-1111
      MADDocketEfile@mostynlaw.com
          *Attorney for Plaintiff*

                      */s/ Rhonda J. Thompson*
                      Rhonda J. Thompson

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LOYDE BELL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **GEOVERA SPECIALTY INSURANCE** | § | |
| **COMPANY, TEAM ONE ADJUSTING** | § | |
| **SERVICES, LLC, GAIL LOCKWOOD** | § | |
| **AND RAMIRO CAZAS,** | § | |
| | § | |
| **Defendants.** | § | |

## INDEX OF MATTERS BEING FILED

Pursuant to Rule 81 of the Local Rules of the United States District Court for the Southern District of Texas, the following is an index of matters being filed in this case:

1.    **Exhibit A:**    **Index of Matters Being Filed**

2.    **Exhibit B:**    **Docket Sheet**

3.    **Exhibit C:**    **Plaintiff's Original Petition**

4.    **Exhibit D:**    **Civil Process Pickup Form**

5.    **Exhibit E:**    **Citation served on GeoVera Specialty Insurance Company**

6.    **Exhibit F:**    **Citation served on Gail Lockwood**

7.    **Exhibit G:**    **Citation served on Ramiro Cazas**

8.    **Exhibit H:**    **Defendant GeoVera Specialty Insurance Company's and Ramiro Cazas' Original Answer to Plaintiff's Original Petition**

9.    **Exhibit I:**    **List of Parties and Counsel**

EXHIBIT A2

Harris County Docket Sheet

# 2019-68596

**COURT:** 133rd

**FILED DATE:** 9/20/2019

**CASE TYPE:** Insurance



---

**BELL, LOYDE**

Attorney: DOWNEY, MICHAEL ANDREW II

**vs.**

**GEOVERA SPECIALTY INSURANCE COMPANY**

---

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |

EXHIBIT 2

9/20/2019 4:41 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37005697
By: Nelson Cuero
Filed: 9/20/2019 4:41 PM

**CAUSE NO. _____**

| | | |
|---|---|---|
| **LOYDE BELL,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **GEOVERA SPECIALTY INSURANCE** | § | |
| **COMPANY, TEAM ONE ADJUSTING** | § | |
| **SERVICES, LLC, GAIL LOCKWOOD** | § | |
| **AND RAMIRO CAZAS,** | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Loyde Bell   ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of GeoVera Specialty Insurance Company ("GeoVera"), Team One Adjusting Services, LLC ("Team One"), Gail Lockwood ("Lockwood"), and Ramiro Cazas ("Cazas") (collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to particular circumstances of this suit.

**PARTIES**

2. Plaintiff Loyde Bell is an individual residing in Harris County, Texas.

3. Defendant GeoVera is a foreign insurance company incorporated in and/or having its principal place of business in the State of California.  GeoVera, at all times material to

**EXHIBIT 2**

this action, has engaged in the business of insurance in the State of Texas, as more particularly described below. This defendant does not maintain a place of regular business in Texas and has no designated agent in Texas on whom service of citation may be made in this cause. The cause of action arises out of this defendant's business activities in Texas. Accordingly, this defendant may be cited by serving the Texas Insurance Commissioner at 333 Guadalupe Street, Austin, Texas 78701. The Commissioner may forward citation and the petition to this defendant at its mailing address and/or principal place of business at: GeoVera Specialty Insurance Company, c/o President Kevin M. Nish, or any other officer, 4820 Business Center Dr., Suite 200, Fairfield, CA 94534.

4.      Defendant Team One is an adjusting company engaged in the business of adjusting insurance claims in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Registered Agent: Dick Rogers, 8701 John W. Carpenter Frwy., STE 140, Dallas, TX 75247.

5.      Defendant Gail Lockwood is an individual residing in and domiciled in the State of Florida. This defendant may be served with personal process by a process server at her place of residence at 622 SW Broderick Drive, Lake City, FL 32025.

6.      Defendant Ramiro Cazas is an individual residing in and domiciled in the State of California. This defendant may be served with personal process by a process server at his place of residence at 1948 Country Club Drive, Redlands, CA 92373.

## JURISDICTION

7.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over

*Page 2*

EXHIBIT 2

$200,000 but not more than $1,000,000. Plaintiff reserves the right to amend his petition during and/or after the discovery process.

8.   The Court has jurisdiction over Defendant GeoVera because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

9.   The Court has jurisdiction over Defendant Team One because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

10.  The Court has jurisdiction over Defendant Lockwood because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

11.  The Court has jurisdiction over Defendant Cazas because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

12.  Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

13.  Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by GeoVera.

*Page 3*

EXHIBIT 2

14. Plaintiff owns the insured property, which is specifically located at 3703 Arbor Point Lane, Friendswood, Texas 77546, in Harris County (hereinafter referred to as "the Property").

15. GeoVera sold the Policy insuring the Property to Plaintiff.

16. On or about August 26, 2017, Plaintiff's home sustained significant damage as a result of the forces of Hurricane Harvey, including the nearby tornadoes spun from the storm. Hurricane Harvey made landfall on the evening of August 25, 2017, near Rockport, Texas. Maximum sustained winds in Harvey's eyewall were 130 mph at that time, making it a Category 4 hurricane. Harvey was the nation's first major hurricane landfall since Hurricane Wilma struck South Florida in October 2005—that is, the strongest one in twelve (12) years. Rain, including wind-driven rain, was the heaviest from any tropical cyclone in the continental United States. Harvey's slow-moving path across Southeast Texas caused extensive damage—including that of Friendswood—with wind, wind-driven rain, and/or other covered perils.

17. As would be expected in a wind event of this magnitude, Plaintiff's roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiff's home also sustained substantial structural and exterior damage during the storm. Furthermore, Plaintiff sustained significant damage to his personal belongings and contents within the home.

18. Plaintiff submitted a claim to GeoVera against the Policy for Roof Damage, Structural Damage, Contents Damage, Water Damage, and Wind Damage the Property sustained as a result of Hurricane Harvey.

*Page 4*

EXHIBIT 2

19.     Plaintiff asked that GeoVera cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the interior water damages to the Property, pursuant to the Policy.

20.     Defendant GeoVera assigned Defendant Team One to adjust the claim.  Defendant Team One and/or Defendant GeoVera then assigned Defendants Lockwood and Cazas as the individual adjusters on the claim.   The adjusters assigned to Plaintiff's claim were improperly trained and failed to perform a thorough investigation of Plaintiff's claim.  On or about September 25, 2017, Defendant Cazas conducted a substandard inspection of - Plaintiff's property.  For example, Defendant Cazas spent a mere twenty (20) minutes inspecting Plaintiff's entire property for windstorm damages.  Furthermore, Defendant Cazas made coverage decisions and told Plaintiff which damages specifically would and would not be covered.  Defendant Cazas was neither qualified nor authorized to make coverage determinations.   The inadequacy of Defendant Cazas's inspection is further evidenced by his report, which failed to include all of Plaintiff's windstorm damages noted upon inspection.  Moreover, the damages that Defendant Cazas actually included in his report were grossly undervalued.  Ultimately, Defendant Cazas's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained.  Defendant Cazas's inadequate investigation was relied upon by GeoVera in this action and resulted in Plaintiff's claim being undervalued and underpaid.

21.      Defendant Lockwood also actively participated in the investigation of Plaintiff's claim.  Specifically, she corresponded with Plainitff regarding his claim in letters, communicated with him regarding his claim, and/or reviewed reports, documents and information regarding the claim.   Ultimately, Defendant Lockwood failed to thoroughly review

*Page 5*

EXHIBIT C

Defendant Cazas's assessment of the claim and ultimately approved and/or submitted Defendant Cazas's inaccurate report of the damages.

22.    Together, Defendants GeoVera, Team One, Lockwood, and Cazas set out to deny and/or underpay on properly covered damages.  As a result of this unreasonable investigation, including the under-scoping of Plaintiff's storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiff's claim was improperly adjusted, and he was denied adequate and sufficient payment to repair his home.  The mishandling of Plaintiff's claim has also caused a delay in his ability to fully repair his home, which has resulted in additional damages.  To date, Plaintiff has yet to receive the full payment to which he is entitled under the Policy.

23.    As detailed in the paragraphs below, GeoVera wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, GeoVera underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

24.    To date, GeoVera continues to delay in the payment for the damages to the Property.  As such, Plaintiff has not been paid in full for the damages to his home.

25.    Defendant GeoVera failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  GeoVera's conduct constitutes a breach of the insurance contract between GeoVera and Plaintiff.

26.     Defendants GeoVera, Team One, Lockwood, and Cazas misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  Defendants GeoVera, Team One, Lockwood, and Cazas's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

27.     Defendants GeoVera, Team One, Lockwood, and Cazas failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.  Defendants GeoVera, Team One, Lockwood, and Cazas's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

28.     Defendants GeoVera, Team One, Lockwood, and Cazas failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants GeoVera, Team One, Lockwood, and Cazas failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants GeoVera, Team One, Lockwood, and Cazas did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendants GeoVera, Team One, Lockwood, and Cazas's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

29.     Defendants GeoVera, Team One, Lockwood, and Cazas failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from

Defendants GeoVera, Team One, Lockwood, and Cazas. Defendants GeoVera, Team One, Lockwood, and Cazas's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

30. Defendants GeoVera, Team One, Lockwood, and Cazas refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants GeoVera, Team One, Lockwood, and Cazas failed to conduct a reasonable investigation. Specifically, Defendants GeoVera, Team One, Lockwood, and Cazas performed an outcome-oriented investigation of Plaintiff' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants GeoVera, Team One, Lockwood, and Cazas's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

31. Defendant GeoVera failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. GeoVera's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

32. Defendant GeoVera failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. GeoVera's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

33. Defendant GeoVera failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of

EXHIBIT C2

Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim. GeoVera's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

34. From and after the time Plaintiff's claim was presented to Defendant GeoVera, the liability of GeoVera to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, GeoVera has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. GeoVera's conduct constitutes a breach of the common law duty of good faith and fair dealing.

35. Defendants GeoVera, Team One, Lockwood, and Cazas knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

36. As a result of Defendants GeoVera, Team One, Lockwood, and Cazas's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

37. Plaintiff's experience is not an isolated case. The acts and omissions GeoVera committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of GeoVera with regard to handling these types of claims. GeoVera's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST DEFENDANTS LOCKWOOD AND CAZAS

##### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

*Page 9*

38.   Defendants GeoVera and/or Team One assigned Defendants Lockwood and Cazas to adjust the claim.  Defendants Lockwood and Cazas were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. During their investigation, the adjusters failed to properly assess Plaintiff's Hurricane Harvey damages.  The adjusters also omitted covered damages from their reports, including many of Plaintiff's interior damages.  In addition, the damages that the adjusters did include in the estimate were severely underestimated.

39.   Defendants Lockwood and Cazas's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

40.   Defendants Lockwood and Cazas are each individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of GeoVera, because each is a "person" as defined by TEX. INS. CODE §541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor."  TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

41.   Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation.

*Page 10*

EXHIBIT 2

Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using his/her own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.   Defendants Lockwood and Cazas's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

42.   Defendants Lockwood and Cazas's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

43.   Defendants Lockwood and Cazas failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants Lockwood and Cazas failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  The unfair settlement practice of Defendants Lockwood and Cazas as described above, of failing to promptly provide Plaintiff with a reasonable explanation of

EXHIBIT 2

the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

44.     Defendants Lockwood and Cazas's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

45.     Defendants Lockwood and Cazas did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to GeoVera. Defendants Lockwood and Cazas's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST DEFENDANT TEAM ONE

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

46.     Defendant Team One's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

47.     Defendant Team One's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of

*Page 12*

EXHIBIT 2

competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

48.    Defendant Team One's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

49.    Defendant Team One's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS CODE §541.060(a)(3).

50.    Defendant Team One's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

51.    Defendant Team One's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(A)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

52.    Plaintiff is not making any claims for relief under federal law.

EXHIBIT 2

### FRAUD

53.     Defendants GeoVera, Team One, Lockwood, and Cazas are liable to Plaintiff for common law fraud.

54.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as he did, and which Defendants GeoVera, Team One, Lockwood, and Cazas knew were false or made recklessly without any knowledge of their truth as a positive assertion.

55.     The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

56.     Defendants GeoVera, Team One, Lockwood, and Cazas are liable to Plaintiff for conspiracy to commit fraud.  Defendants GeoVera, Team One, Lockwood, and Cazas were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants GeoVera, Team One, Lockwood, and Cazas committed an unlawful, overt act to further the object or course of action.  Plaintiff suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST GEOVERA ONLY

57.     Defendant GeoVera is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

*Page 14*

EXHIBIT 2

**BREACH OF CONTRACT**

58. Defendant GeoVera's conduct constitutes a breach of the insurance contract made between GeoVera and Plaintiff.

59. Defendant GeoVera's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of GeoVera's insurance contract with Plaintiff.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

60. Defendant GeoVera's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

61. Defendant GeoVera's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

62. Defendant GeoVera's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though GeoVera's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

63. Defendant GeoVera's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the

*Page 15*

EXHIBIT 2

claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

64.  Defendant GeoVera's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

65.  Defendant GeoVera's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

66.  Defendant GeoVera's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

67.  Defendant GeoVera's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

68.  Defendant GeoVera's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

*Page 16*

EXHIBIT 2

69.   Defendant GeoVera's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

70.   As referenced and described above, and further conduct throughout this litigation and lawsuit, Defendants Team One, Lockwood, and Cazas are agents of GeoVera based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer.  TEX. INS. CODE §4001.051.

71.   Separately, and/or in the alternative, as referenced and described above, GeoVera ratified the actions and conduct of Defendants Team One, Lockwood, and Cazas including the completion of their duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

72.   Defendant GeoVera's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

73.   Defendant GeoVera's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, GeoVera knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

74.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

*Page 17*

## DAMAGES

75.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

76.   As previously mentioned, the damages caused by Hurricane Harvey have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants GeoVera, Team One, Lockwood, and Cazas's mishandling of Plaintiff's claim in violation of the laws set forth above.

77.   For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

78.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

79.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with attorney's fees.  TEX. INS. CODE §542.060.

80.   For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of

EXHIBIT C

duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

81.  For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

82.  For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

83.  Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas.   Plaintiff hereby tenders the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

84.  *Plaintiff's Request for Disclosure to Defendant GeoVera Specialty Insurance Company* is attached as "Exhibit A."

### REQUESTS FOR PRODUCTION

85.  *Plaintiff's First Request for Production to Defendant GeoVera Specialty Insurance Company* is attached as "Exhibit B."

*Page 19*

**INTERROGATORIES**

86.     *Plaintiff's First Set of Interrogatories to Defendant GeoVera Specialty Insurance Company* is attached as "Exhibit C."

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

  */s/ Michael A. Downey*
Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
Telephone (713) 714-0000
Facsimile (713) 714-1111
MADDocketEfile@mostynlaw.com

**ATTORNEY FOR PLAINTIFF**



# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 |
www.hcdistrictclerk.com

2019 68596

**Civil Process Pick-Up Form**

CAUSE NUMBER: _2019  68596_

ATY _✓_        CIV _\_        COURT _133_

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| *ATTORNEY: _Michael A. Downey II_    PH: _713 714 0000_ |
| *CIVIL PROCESS SERVER: _____    BOX: _____ |
| *PH: _____ |
| *PERSON NOTIFIED SVC READY: _Jeff_ |
| *NOTIFIED BY: **Nelson Cuero** |
| DATE: _09-23-2019_ |

Type of Service Document: _INSR_    Tracking Number: _73674798_
Type of Service Document: _CITR_    Tracking Number: _73674799_
Type of Service Document: _CITN_    Tracking Number: _73674800_
Type of Service Document: _CITN_    Tracking Number: _73674801_
Type of Service Document: _____    Tracking Number: _____

Process papers prepared by: **Nelson Cuero**

Date: **Monday, September 23, 2019**    30 days waiting  _10 - 23 - 2019_

| |
|---|
| *Process papers released to: _ORLANDO VENTURES_ |
| (PRINT NAME) |
| _713 - 861 6606_    _Ori_ |
| *(CONTACT NUMBER)    (SIGNATURE) |
| *Process papers released by: **Lisa Thomas** |
| (PRINT NAME) |
| **Lisa Thomas** |
| (SIGNATURE) |
| * Date: _9/23_, 2019   Time: _1:15_  AM /(PM) |

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

EXHIBIT 2    Revised 12-15-2014

**EXHIBIT D**

Case 4:19-cv-04298 Document 1-25 Filed on 03/28/09 in TXSD Page 30 of 40
10/25/2019 12:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37969869
By: Brenda Espinoza
Filed: 10/25/2019 12:34 PM

CAUSE NO. 201968596

RECEIPT NO.                0.00     ATY
      * * * * * * * * * *
                                          TR # 73674798

PLAINTIFF: BELL, LOYDE
           vs.
DEFENDANT: GEOVERA SPECIALTY INSURANCE COMPANY

             In The   133rd
             Judicial District Court
             of Harris County, Texas
             133RD DISTRICT COURT
             Houston, TX

CITATION (INSURANCE COMMISSION)

THE STATE OF TEXAS
County of Harris

TO: GEOVERA SPECIALTY INSURANCE COMPANY BY SERVING THE TEXAS INSURANCE
    COMMISSIONER 333 GUADALUPE STREET AUSTIN TEXAS 78701
    FORWARD TO C/O PRESIDENT KEVIN N NISH OR ANY OTHER OFFICER
    4820  BUSINESS CENTER DR SUITE 200    FAIRFIELD  CA  94534

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>20th day of September, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 23rd day of September, 2019, under my hand and
seal cf said Court.

<u>Issued at request of</u>:
DOWNEY, MICHAEL ANDREW II
3810  W. ALABAMA ST.
HOUSTON, TX  77027
Tel: (713) 714-0000
<u>Bar No.</u>:  24087445

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CUERO, NELSON  7MM//11334553

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____      copy(ies) of the
                                                       Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____

_____ of _____ County, Texas

_____
          Affiant

By _____
                 Deputy

**EXHIBIT E2**

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,

## CAUSE NO. 2019-68596

**LOYDE BELL**
**VS.**

      **IN THE 133RD JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS**

**GEOVERA SPECIALTY**
**INSURANCE COMPANY, ET AL**

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _Barbara C. Stinnett_ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _Barbara C. Stinnett_ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: _P. O. Box 684627, Austin TX 78701_
(SERVER'S ADDRESS)

2. ON _09/27/19_ (DATE) AT _09 : 19_ (_A_) M (TIME)
TWO(2) DUPLICATE COPIES OF CITATION (INSURANCE COMPANY), PLAINTIFF'S ORIGINAL PETITION, PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY, PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY, PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY AND $50.00 JURISDICTIONAL FEE came to hand for delivery to GEOVERA SPECIALTY INSURANCE COMPANY BY SERVING THE TEXAS INSURANCE COMMISSIONER.

3. ON _09/27/19_ (DATE) AT _02 : 08_ (_P_) M (TIME) - The above named documents were delivered to: GEOVERA SPECIALTY INSURANCE COMPANY BY SERVING THE TEXAS INSURANCE COMMISSIONER by delivering to

_Sici Pounds - Designated agent_
(NAME AND TITLE), authorized agent for service @

_333 Guadalupe St, Austin TX 78701_
(ADDRESS), by CORPORATE Service

      _Barbara C. Stinnett_
**SIGNATURE**
PSC# _1181_ EXPIRATION: _07/31/20_

      _Barbara C. Stinnett_
**AFFIANT PRINTED NAME**

SWORN TO AND SUBSCRIBED before me by _Barbara C. Stinnett_ appeared on this _30_ day of
_September_, 2019 to attest witness my hand and seal of office.

**NOTARY PUBLIC IN AND**
**FOR THE STATE OF TEXAS**

MICHAEL R STINNETT
Notary ID #126498663
My Commission Expires
December 3, 2022

2019.09.414933

**EXHIBIT 2**

10/21/2019 2:40 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37823981
By: Mercedes Ramey
Filed: 10/21/2019 2:40 PM

COPY OF PLEADING PROVIDED BY PLTD.

CAUSE NO. 201968596

RECEIPT NO.          0.00     ATY

         * * * * * * * * *      TR # 73674800

PLAINTIFF: BELL, LOYDE                              In The    133rd
       vs.                                   Judicial District Court
DEFENDANT: GEOVERA SPECIALTY INSURANCE COMPANY     of Harris County, Texas
                                                 133RD DISTRICT COURT
                                                 Houston, TX

                                 CITATION (NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

TO: LOCKWOOD, GAIL

    622   SW BRODERICK DRIVE    LAKE CITY   FL   32025

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 20th day of September, 2019, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 23rd day of September, 2019, under my hand and seal of said Court.

Issued at request of:
DOWNEY, MICHAEL ANDREW II
3810 W. ALABAMA ST.
HOUSTON, TX 77027
Tel: (713) 714-0000
Bar No.: 24087445



MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CUERO, NELSON   7MN//11334653

STATE OF _____

                         OFFICER/AUTHORIZED PERSON RETURN

County of _____

PERSONALLY APPEARED before me, the undersigned authority, _____
who being by me duly sworn, deposes and says that in the County of _____
State of _____ he delivered to the within named defendants in person at the following times and places to wit:

| NAME | DATE | | | TIME | | PLACE |
|------|------|------|------|------|------|-------|
| | MONTH | DAY | YEAR | HOUR | MIN | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

a true copy of this notice, with a copy of:

**EXHIBIT F**
**EXHIBIT 2**

accompanying same; and further, that he is not less and is in no manner interested in this suit and is the person competent to make oath of the fact.

19-10197

NO. 2019-68596

| | |
|---|---|
| LOYDE BELL | § |
| | § |
| VS. | § IN THE 133RD JUDICIAL DISTRICT COURT OF |
| | § HARRIS COUNTY, TEXAS |
| GEOVERA SPECIALTY INSURANCE COMPANY, | § |
| ET AL | § |

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _Thomas D. Clarke_ (Process Server), personally appeared on this _18th_ day of _October_, 2019 and stated under oath as follows:

1. My name is _Thomas D. Clarke_ (server). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:

_927 SE 1st Street Pompano Beach, FL 33060_
(SERVER'S ADDRESS)

2. ON _9/27/19_ (DATE) AT _6_ : _35_ (P)M (TIME) ,CITATION (NON-RESIDENT) AND PLAINTIFF'S ORIGINAL PETITION came to hand for delivery to GAIL LOCKWOOD.

3. ON _10/8/19_ (DATE) AT _2_ : _00_ (P) M (TIME) The above named documents were hand delivered to: GAIL LOCKWOOD AT:

_622 SW Broderick Drive, Lake City, FL 32025_
(ADDRESS), in Person, in accordance to Rule 106 TRCP.

FURTHER AFFIANT SAYETH NOT.

_____
SERVER'S SIGNATURE

_Thomas Clarke_
SERVER'S PRINTED NAME

SWORN TO AND SUBSCRIBED before me by _Thomas D. Clarke_ (server) appeared on this _18th_ day of _October_, 2019 to attest witness my hand and seal of office.

_Angela Latta_
NOTARY PUBLIC IN AND
FOR THE STATE OF _Florida_

2019.09.414945

[Notary seal: ANGELA J. LATTA, MY COMMISSION EXPIRES JULY 29, 2020, #FF 976580, Bonded thru Notary Public Underwriters, NOTARY PUBLIC, STATE OF FLORIDA]

**EXHIBIT F**
**EXHIBIT 2**

Marilyn Burgess - District Clerk Harris County
Envelope No. 37408238
By: SHANNON NORTH-GONZALEZ
Filed: 10/4/2019 4:27 PM

10/4/2019 4:27 PM

COPY OF PLEADING PROVIDED BY

CAUSE NO. 201968596

RECEIPT NO.                          0.00        ATY

**\* \* \* \* \* \* \* \* \***                 TR # 73674301

PLAINTIFF: BELL, LOYDE
    vs.
DEFENDANT: GEOVERA SPECIALTY INSURANCE COMPANY

In The   133rd
Judicial District Court
of Harris County, Texas
133RD DISTRICT COURT
Houston, TX

CITATION (NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

TO: CAZAS, RAMIRO

   1948  COUNTRY CLUB DRIVE   REDLANDS  CA  92373

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 20th day of September, 2019, in the above cited cause number and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

   This citation was issued on 23rd day of September, 2019, under my hand and seal of said Court.

Issued at request of:
DOWNEY, MICHAEL ANDREW II
3810  W. ALABAMA ST.
HOUSTON, TX  77027
Tel: (713) 714-0000
Bar No.: 24087445

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CUERO, NELSON  7MN//11334653

STATE OF _____

County of _____

OFFICER/AUTHORIZED PERSON RETURN

PERSONALLY APPEARED before me, the undersigned authority, _____
who being by me duly sworn, deposes and says that in the County of _____
State of _____ he delivered to the within named defendants in person at the following times and places to wit:

| NAME | DATE | | | TIME | | PLACE |
|------|------|-----|------|------|-----|-------|
| | MONTH | DAY | YEAR | HOUR | MIN | |
| | | | | | | |
| | | | | | | |

a true copy of this notice, with a copy of: **EXHIBIT G**
**EXHIBIT 2**
accompanying same; and further, that he is no agent and is in no manner interested in this suit and is the person competent to make oath of the fact.

NO. 2019-68596

| | | |
|---|---|---|
| LOYDE BELL | § § | |
| VS. | § § § | IN THE 133RD JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS |
| GEOVERA SPECIALTY INSURANCE COMPANY, ET AL | § § § | |

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _RUBEN TORRES_ (Process Server), personally appeared on this _25th_ day of _September_, 2019 and stated under oath as follows:

2:30pm

1. My name is _RUBEN TORRES_ (server). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:

_1775 E. Palm Canyon Drive, Ste. 110-159, Palm Springs, CA 92264_
(SERVER'S ADDRESS)

H/M/65/5'8/200/Greyish Hair Glasses

2. ON _Sept 26, 2019_ (DATE) AT _11 : 50_ _(A)_ M (TIME) ,CITATION (NON-RESIDENT) AND PLAINTIFF'S ORIGINAL PETITION came to hand for delivery to RAMIRO CAZAS.

3. ON _Oct 2nd, 2019_ (DATE) AT _9 : 35_ _(A)_ M (TIME) The above named documents were hand delivered to: RAMIRO CAZAS AT:

_1948 Country Club Drive, Redlands, CA 92373_
(ADDRESS), in Person, In accordance to Rule 108 TRCP.

FURTHER AFFIANT SAYETH NOT.

_____
SERVER'S SIGNATURE

_RUBEN TORRES RPS-318_
SERVER'S PRINTED NAME

SWORN TO AND SUBSCRIBED before me by _RUBEN TORRES_ (server) appeared on this _3rd_ day of _OCTOBER_, 2019 to attest witness my hand and seal of office.

_Elaine A. Wazney_
NOTARY PUBLIC IN AND
FOR THE STATE OF _California_

2019.09.414951

ELAINE A. WAZNEY
Notary Public - California
Riverside County
Commission # 2179105
My Comm. Expires Feb 7, 2021

## EXHIBIT G
## EXHIBIT 2

10/28/2019 1:55 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38013492
By: SHANNON NORTH-GONZALEZ
Filed: 10/28/2019 1:55 PM

## CAUSE NO. 2019-68596

| | | |
|---|---|---|
| LOYDE BELL, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GEOVERA SPECIALTY INSURANCE | § | |
| COMPANY, TEAM ONE ADJUSTING | § | |
| SERVICES, LLC, GAIL LOCKWOOD | § | |
| AND RAMIRO CAZAS, | § | |
| | § | |
| Defendants. | § | 133RD JUDICIAL DISTRICT |

### DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants GeoVera Specialty Insurance Company ("GSIC") and Ramiro Cazas (collectively "Defendants") and file this their Original Answer to Plaintiff's Original Petition, and would respectfully show:

**I.**
**ORIGINAL ANSWER**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

**II.**
**PRAYER**

WHEREFORE, Defendants respectfully pray that Plaintiff take nothing by his suit herein and for all other relief to which Defendants are justly entitled.

7435356v1
08917.443

EXHIBIT 2

Respectfully submitted,

/s/ Rhonda J. Thompson
Rhonda J. Thompson
State Bar No.: 24029862

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:    (214) 871-8200
Facsimile:    (214) 871-8209
E-mail:        rthompson@thompsoncoe.com

**COUNSEL FOR DEFENDANTS GEOVERA
SPECIALTY INSURANCE COMPANY AND
RAMIRO CAZAS**

## CERTIFICATE OF SERVICE

This is to certify that on the 28th day of October, 2019, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiff by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

Michael A. Downey
Mostyn Law
3810 West Alabama Street
Houston, TX 77027
Facsimile: (713) 714-1111
MADDocketEfile@mostynlaw.com
       *Attorney for Plaintiff*

/s/ Rhonda J. Thompson
Rhonda J. Thompson

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LOYDE BELL, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| GEOVERA SPECIALTY INSURANCE | § | |
| COMPANY, TEAM ONE ADJUSTING | § | |
| SERVICES, LLC, GAIL LOCKWOOD | § | |
| AND RAMIRO CAZAS, | § | |
| | § | |
| **Defendants.** | § | |

## LIST OF PARTIES AND COUNSEL

1.  <u>PLAINTIFF LOYDE BELL:</u>
    Michael A. Downey
    State Bar No. 24087445
    MOSTYN LAW
    3810 West Alabama Street
    Houston, TX 77027
    Telephone: (713) 714-0000
    Facsimile: (713) 714-1111
    MADDocketEfile@mostynlaw.com

2.  <u>DEFENDANTS GEOVERA SPECIALTY INSURANCE COMPANY
    AND RAMIRO CAZAS:</u>
    Rhonda J. Thompson, Attorney-In-Charge
    State Bar No. 24029862
    Southern District Bar No. 17055
    THOMPSON, COE, COUSINS & IRONS, L.L.P.
    700 N. Pearl Street, 25th Floor
    Dallas, Texas 75201
    Telephone: (214) 871-8200
    Facsimile: (214) 871-8209
    rthompson@thompsoncoe.com

EXHIBIT 2

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government
Plaintiff

❏ 3   Federal Question
*(U.S. Government Not a Party)*

❏ 2   U.S. Government
Defendant

❏ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | | | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit (15 USC 1681 or 1692) |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) ❏ 863 DIWC/DIWW (405(g)) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI ❏ 865 RSI (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 895 Freedom of Information Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other ❏ 550 Civil Rights | ❏ 465 Other Immigration Actions | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1   Original
Proceeding

❏ 2   Removed from
State Court

❏ 3   Remanded from
Appellate Court

❏ 4   Reinstated or
Reopened

❏ 5   Transferred from
Another District
*(specify)*

❏ 6   Multidistrict
Litigation -
Transfer

❏ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ❏ Yes   ❏No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

**EXHIBIT 2**

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## EXHIBIT 2