IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOYDE BELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:19-cv-04238 |
| | § | |
| GEOVERA SPECIALTY INSURANCE COMPANY, TEAM ONE ADJUSTING SERVICES, LLC, GAIL LOCKWOOD AND RAMIRO CAZAS, | § § § § § | |
| Defendants. | | |

### DEFENDANT GAIL LOCKWOOD'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Gail Lockwood ("Lockwood") and files her Original Answer to Plaintiff Loyde Bell's Original Petition subject to Defendant GeoVera Specialty Insurance Company's Election of Responsibility. Lockwood would respectfully show the Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff's paragraph number 1 does not appear to require an admission or denial. To the extent a response is required, the allegations in Plaintiff's paragraph number 1 are denied. Lockwood avers that discovery, if any, is to be conducted under the Federal Rules of Civil Procedure.

### PARTIES

2. Lockwood admits the allegations in Plaintiff's paragraph number 2.

3. Lockwood is without knowledge sufficient to admit or deny the allegations contained in Plaintiff's paragraph number 3 and therefore denies the allegations.

4. Lockwood admits that Team One Adjusting Services, LLC engages in the business of adjusting insurance claims. Lockwood denies the remainder of the allegations in Plaintiff's paragraph number 4.

5. Lockwood admits that she is a citizen of the State of Florida. Lockwood denies the remainder of the allegations contained in Plaintiff's paragraph number 5.

6. Lockwood is without knowledge sufficient to admit or deny the allegations contained in Plaintiff's paragraph number 6 and therefore denies the allegations.

## JURISDICTION

7. Lockwood denies that the 133rd Judicial District Court of Harris County, Texas, has jurisdiction over this matter. Lockwood denies the remainder of the allegations contained in Plaintiff's paragraph number 7.

8. Lockwood denies the allegations contained in Plaintiff's paragraph number 8.

9. Lockwood denies the allegations contained in Plaintiff's paragraph number 9.

10. Lockwood denies the allegations contained in Plaintiff's paragraph number 10.

11. Lockwood denies the allegations contained in Plaintiff's paragraph number 11.

## VENUE

12. Lockwood denies that venue is proper in the 133rd Judicial District Court of Harris County, Texas.

## FACTS

13. Lockwood admits the allegations contained in Plaintiff's paragraph number 13.

14. Lockwood admits the allegations contained in Plaintiff's paragraph number 14.

15. Lockwood admits the allegations contained in Plaintiff's paragraph number 15.

16. Lockwood denies the allegations contained in Plaintiff's paragraph number 16.

17. Lockwood denies the allegations contained in Plaintiff's paragraph number 17.

18. Lockwood is without knowledge sufficient to admit or deny the allegations contained in Plaintiff's paragraph number 18 and therefore denies the allegations.

19. Lockwood is without knowledge sufficient to admit or deny the allegations contained in Plaintiff's paragraph number 19 and therefore denies the allegations.

20. Lockwood admits that she was assigned to participate in the adjustment of Plaintiff's claim. Lockwood denies the remainder of the allegations contained in Plaintiff's paragraph number 20.

21. Lockwood admits that she was assigned to participate in the adjustment of Plaintiff's claim. Lockwood denies the remainder of the allegations contained in Plaintiff's paragraph number 21.

22. Lockwood denies the allegations contained in Plaintiff's paragraph number 22.

23. Lockwood denies the allegations contained in Plaintiff's paragraph number 23.

24. Lockwood denies the allegations contained in Plaintiff's paragraph number 24.

25. Lockwood denies the allegations contained in Plaintiff's paragraph number 25.

26. Lockwood denies the allegations contained in Plaintiff's paragraph number 26.

27. Lockwood denies the allegations contained in Plaintiff's paragraph number 27.

28. Lockwood denies the allegations contained in Plaintiff's paragraph number 28.

29. Lockwood denies the allegations contained in Plaintiff's paragraph number 29.

30. Lockwood denies the allegations contained in Plaintiff's paragraph number 30.

31. Lockwood denies the allegations contained in Plaintiff's paragraph number 31.

32. Lockwood denies the allegations contained in Plaintiff's paragraph number 32.

33. Lockwood denies the allegations contained in Plaintiff's paragraph number 33.

34. Lockwood denies the allegations contained in Plaintiff's paragraph number 34.

35. Lockwood denies the allegations contained in Plaintiff's paragraph number 35.

36. Lockwood denies the allegations contained in Plaintiff's paragraph number 36.

37. Lockwood denies the allegations contained in Plaintiff's paragraph number 37.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANTS LOCKWOOD AND CAZAS

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

38. Lockwood admits that she participated in the adjustment of Plaintiff's claim. Lockwood denies the remainder of the allegations contained in Plaintiff's paragraph number 38.

39. Lockwood denies the allegations contained in Plaintiff's paragraph number 39.

40. Lockwood denies the allegations contained in Plaintiff's paragraph number 40.

41. Lockwood denies the allegations contained in Plaintiff's paragraph number 41.

42. Lockwood denies the allegations contained in Plaintiff's paragraph number 42.

43. Lockwood denies the allegations contained in Plaintiff's paragraph number 43.

44. Lockwood denies the allegations contained in Plaintiff's paragraph number 44.

45. Lockwood denies the allegations contained in Plaintiff's paragraph number 45.

### CAUSES OF ACTION AGAINST DEFENDANT TEAM ONE

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

### UNFAIR SETTLEMENT PRACTICES

46. Lockwood denies the allegations contained in Plaintiff's paragraph number 46.

47. Lockwood denies the allegations contained in Plaintiff's paragraph number 47.

48. Lockwood denies the allegations contained in Plaintiff's paragraph number 48.

49. Lockwood denies the allegations contained in Plaintiff's paragraph number 49.

50. Lockwood denies the allegations contained in Plaintiff's paragraph number 50.

51. Lockwood denies the allegations contained in Plaintiff's paragraph number 51.

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

52. Plaintiff's paragraph number 52 does not appear to require an admission or denial.

To the extent a response is required, the allegations in Plaintiff's paragraph number 52 are denied.

### FRAUD

53. Lockwood denies the allegations contained in Plaintiff's paragraph number 53.

54. Lockwood denies the allegations contained in Plaintiff's paragraph number 54.

55. Lockwood denies the allegations contained in Plaintiff's paragraph number 55.

### CONSPIRACY TO COMMIT FRAUD

56. Lockwood denies the allegations contained in Plaintiff's paragraph number 56.

### CAUSES OF ACTION AGAINST GEOVERA ONLY

57. Lockwood denies the allegations contained in Plaintiff's paragraph number 57.

58. Lockwood denies the allegations contained in Plaintiff's paragraph number 58.

59. Lockwood denies the allegations contained in Plaintiff's paragraph number 59.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

60. Lockwood denies the allegations contained in Plaintiff's paragraph number 60.

61. Lockwood denies the allegations contained in Plaintiff's paragraph number 61.

62. Lockwood denies the allegations contained in Plaintiff's paragraph number 62.

63. Lockwood denies the allegations contained in Plaintiff's paragraph number 63.

64. Lockwood denies the allegations contained in Plaintiff's paragraph number 64.

65. Lockwood denies the allegations contained in Plaintiff's paragraph number 65.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

66. Lockwood denies the allegations contained in Plaintiff's paragraph number 66.

67. Lockwood denies the allegations contained in Plaintiff's paragraph number 67.

68. Lockwood denies the allegations contained in Plaintiff's paragraph number 68.

69. Lockwood denies the allegations contained in Plaintiff's paragraph number 69.

### ACTS CONSTITUTING ACTING AS AGENT

70. Lockwood denies the allegations contained in Plaintiff's paragraph number 70.

71. Lockwood denies the allegations contained in Plaintiff's paragraph number 71.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

72. Lockwood denies the allegations contained in Plaintiff's paragraph number 72.

73. Lockwood denies the allegations contained in Plaintiff's paragraph number 59.

### KNOWLEDGE

74. Lockwood denies the allegations contained in Plaintiff's paragraph number 74.

### DAMAGES

75. Lockwood denies the allegations contained in Plaintiff's paragraph number 75.

76. Lockwood denies the allegations contained in Plaintiff's paragraph number 76.

77. Lockwood denies the allegations contained in Plaintiff's paragraph number 77.

78. Lockwood denies the allegations contained in Plaintiff's paragraph number 78.

79. Lockwood denies the allegations contained in Plaintiff's paragraph number 79.

80. Lockwood denies the allegations contained in Plaintiff's paragraph number 80.

81. Lockwood denies the allegations contained in Plaintiff's paragraph number 81.

82. Lockwood denies the allegations contained in Plaintiff's paragraph number 82.

## JURY DEMAND

83. Plaintiff's paragraph number 83 does not appear to require an admission or denial. To the extent further response is required, Lockwood denies the allegations contained in Plaintiff's paragraph number 83.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

84. Plaintiff's paragraph number 84 does not appear to require an admission or denial. To the extent further response is required, Lockwood denies the allegations contained in Plaintiff's paragraph number 84.  Lockwood contends that discovery, if any, is to be conducted under the Federal Rules of Civil Procedure.

### REQUESTS FOR PRODUCTION

85. Plaintiff's paragraph number 85 does not appear to require an admission or denial. To the extent further response is required, Lockwood denies the allegations contained in Plaintiff's paragraph number 85.  Lockwood contends that discovery, if any, is to be conducted under the Federal Rules of Civil Procedure.

### INTERROGATORIES

86. Plaintiff's paragraph number 86 does not appear to require an admission or denial. To the extent further response is required, Lockwood denies the allegations contained in Plaintiff's paragraph number 86. Lockwood contends that discovery, if any, is to be conducted under the Federal Rules of Civil Procedure.

## PRAYER

87. Lockwood denies the entirety of the allegations contained in Plaintiff's unnumbered paragraph titled "Prayer" and denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims against Lockwood are subject to mandatory dismissal pursuant to Texas Insurance Code § 542A.006(c), as insurer GeoVera Specialty Insurance Company has elected to accept whatever liability Lockwood as an agent might have to Plaintiff related to Plaintiff's claim.

2. Plaintiff's claims are barred because she fails to state a claim upon which relief may be granted. Plaintiff's pleading instead merely cites provisions of the Insurance Code and generically alleges that Lockwood violated these provisions. Absent any specific factual allegations, the pleading does not support a claim upon which relief can by granted.

3. Plaintiff's claims are barred by the applicable statute of limitations.

4. Plaintiff's claims are barred and/or subject to Texas Civil Practice & Remedies Code §§ 41.001-.012, which pertains to the imposition of punitive damages.

5. Lockwood specifically denies any act or omission on her part that would justify any claim for exemplary or punitive damages. In addition, any such claims against it are barred by the United States and Texas Constitutions. Plaintiff's claims for punitive damages violate

Lockwood's rights to due process and to be free from excessive fines, penalties, and punishment under both Texas and federal law. Without limitation, Plaintiff has failed to plead any predicate authorizing the recovery of punitive damages. Furthermore, to the extent Plaintiff seeks punitive damages, such request should be denied as violating the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, the provisions of the Eighth Amendment to the Constitution of the United States, and the Constitution of the State of Texas, Article I, Sections 13 and 19.

6. Lockwood is without knowledge or information sufficient to form a belief as to whether other defenses may apply in this matter. Lockwood expressly reserves her right to raise any additional defenses that may be revealed by investigation or discovery.

WHEREFORE, Defendant Gail Lockwood respectfully prays that Plaintiff take nothing by his claims herein and for all other relief to which Defendant Lockwood is justly entitled.

Respectfully submitted,

/s/ Rhonda J. Thompson
Rhonda J. Thompson
Attorney-In-Charge
State Bar No. 24029862
Southern Dist. No. 17055
Brett D. Gardner
Of Counsel
State Bar No. 24078539
Southern Dist. No. 3016873

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: rthompson@thompsoncoe.com
Email: bgardner@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS GEOVERA SPECIALTY INSURANCE COMPANY, RAMIRO CAZAS, GAIL LOCKWOOD, AND TEAM ONE ADJUSTING SERVICES, LLC**

**CERTIFICATE OF SERVICE**

This is to certify that on the 26th day of December, 2019, a true and correct copy of the foregoing was delivered to the following counsel of record in accordance with the Federal Rules of Civil Procedure:

Michael A. Downey
Mostyn Law
3810 West Alabama Street
Houston, TX  77027
Facsimile:  (713) 714-1111
MADDocketEfile@mostynlaw.com
*Attorney for Plaintiff*

*/s/ Rhonda J. Thompson*
Rhonda J. Thompson

**DEFENDANT GAIL LOCKWOOD'S ORIGINAL ANSWER**  PAGE 10
7593248v1
08917.443

**EXHIBIT 10**